IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON / GREENWOOD DIVISION

| | | |
|---|---|---|
| Jessica L. Sutton, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 8:07-378-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Cherokee Creek Boys School, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

.

This matter is before the court on Cherokee Creek Boys School, Inc.'s ("Cherokee") motion to enforce the settlement agreement. For the reasons set forth below, the court grants Cherokee's motion and finds that this case has settled.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Jessica Sutton ("Sutton") is a Caucasian female who was employed by Cherokee from August 15, 2005, until March 15, 2006. (Compl. ¶ 5.) Sutton alleges that as a result of her romantic involvement with Derrick Rogers ("Rogers"), an African-American male co-worker, she was disciplined during, and ultimately terminated from, her employment with Cherokee. (Compl. ¶ 10.) Sutton filed a complaint against Cherokee pursuant to 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 alleging unlawful discrimination "because of her race and the race of her live in boyfriend." (Compl. ¶¶ 12, 17.) Cherokee generally denied Sutton's allegations. (Answer ¶¶ 12-21.)

On March 13, 2008, Sutton, with the assistance of legal counsel, entered into an oral agreement to settle her claim with Cherokee, whereby Cherokee agreed to pay the sum of One Thousand Five Hundred dollars ($1,500.00), to be divided evenly between Sutton and Rogers.

(Def.'s Mem. Supp. Mot. Enforce Settlement 2.)   The oral agreement was later confirmed in writing in the form of a letter dated March 25, 2008 ("March 25 letter").  After being advised by counsel for both parties that the action had settled, this court issued an order of dismissal without prejudice and by agreement of the parties, this court retained jurisdiction to enforce the settlement agreement.  (Order of Dismissal, Apr. 3, 2008.)  Shortly thereafter, Cherokee, through counsel, provided Sutton with a standard settlement agreement and general release form.  Sutton was then advised by her counsel to sign the settlement form; Sutton refused.  According to an email sent by Rogers, he and Sutton would "not agree to any privacy clauses in [the] settlement."  (Def.'s Mem. Supp. Mot. Enforce Settlement Ex. D.)

Cherokee now moves the court to enforce the settlement agreement and to award attorneys' fees and costs "because [Sutton] has unreasonably refused to execute the final settlement documents, thereby forcing [Cherokee] to seek judicial intervention."  (Mot. Enforce Settlement ¶ 4.)  On July 29, 2008, Sutton sought an extension of time to file a response to the motion to enforce the settlement.  (Mot. Extension Time Resp. Mot. Compel.)  The order was granted allowing Sutton to file a response no later than August 13, 2008.  Sutton failed to respond.

## II. DISCUSSION OF THE LAW

Cherokee asserts that the parties entered into an oral settlement agreement on March 13, 2008, and that the terms of the agreement were confirmed in the March 25 letter.  (Def.'s Mot. Enforce Settlement 1).  Cherokee requests that the court enforce the settlement agreement according to the terms of the March 25 letter.

District courts retain "inherent jurisdiction and equitable power to enforce agreements

entered into in settlement of litigation before that court." Ozyagcilar v. Davis, 701 F.2d 306, 308 (4th Cir. 1983) (citation omitted). In order to enforce a settlement agreement, the court (1) "should ascertain whether the parties have in fact agreed to settle the case" and (2) "must discern the terms of that settlement." Moore v. Beaufort County, 936 F.2d 159, 162 (4th Cir. 1991).

"In deciding whether a settlement agreement has been reached, the Court looks to the objectively manifested intentions of the parties." Id. (citations omitted). It is undisputed that counsel for both parties entered into an oral settlement agreement on March 13, 2008; twelve days later, counsel for Cherokee reduced the agreement to writing. According to the March 25 letter, the parties agreed that Cherokee would pay "$750.00 for each Mr. Rogers and Ms. Sutton, for a total amount of $1,500.00." (Def.'s Mem. Supp. Mot. Enforce Settlement Ex. A.) At no time following receipt of the March 25 letter did Sutton dispute the content of the letter. Additionally, following the oral settlement agreement, this court issued an order of dismissal stating that the court was "advised by counsel for the parties that the . . . action has been settled." (Order of Dismissal, Apr. 3, 2008.) Again, Sutton never objected to the characterization of the case as settled.

"Having second thoughts about the results of a valid settlement agreement does not justify setting aside an otherwise valid agreement." Hensley v. Alcon Labs., Inc., 277 F.3d 535, 540 (4th Cir. 2002) (citation and internal alteration omitted). "Defeated expectations do not, therefore, entitle the litigant to repudiate commitments made to opposing parties or to the court." Petty v. Timken Corp., 849 F.2d 130, 133 (4th Cir. 1988). Accordingly, Sutton's refusal to sign the settlement agreement does not invalidate the terms of an otherwise valid settlement agreement. "Unless the resulting settlement is substantially unfair, judicial economy commands

3

that a party be held to the terms of a voluntary agreement." Id. (citation omitted).  Furthermore, Sutton's failure to timely respond to Cherokee's motion to enforce the settlement indicates tacit acceptance of the terms of the settlement agreement set forth in the March 25 letter.

Based on the foregoing, the court finds that the parties did reach a settlement agreement. In addition, the court finds that the terms of the settlement agreement are those accepted in the March 13, 2008 oral agreement, which are memorialized in the March 25 letter.

Cherokee is not, however, entitled to attorneys' fees and costs.  "[U]nder its inherent powers, the district court has authority to shift attorneys fees, but . . . only in the extraordinary circumstances where bad faith or abuse can form a basis for doing so." Hensley, 277 F.3d at 543 (citation omitted).  While Sutton did fail to respond timely to the motion to enforce settlement, the court does not find that it warrants awarding attorneys' fees.

It is therefore

**ORDERED** that the Defendant's motion to enforce the settlement agreement is granted and this case is settled.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.<br>United States District Judge

Greenville, South Carolina
August 26, 2008